*279 Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), entered February 6, 2007, dismissing petitioner tenant’s CPLR article 78 proceeding to annul the determination of respondent New York State Division of Housing and Community Renewal (DHCR) which, inter alia, allocated a major capital improvement (MCI) rent increase between the building’s commercial and residential tenants, unanimously affirmed, without costs.
Rent Stabilization Code (9 NYCRR) § 2522.4 (a) (16), applicable to rent-stabilized tenants, and New York City Rent and Eviction Regulations (9 NYCRR) § 2202.4 (c) (5), applicable to rent-controlled tenants, both of which were enacted during the pendency of the owner’s petition for administrative review (PAR), set forth a method of allocating MCI costs between residential and commercial tenants based on each group’s relative share of the building’s total rentable square feet, supplanting DHCR’s prior practice of allocating such costs based each group’s relative share of the building’s total rent roll. Under Rent Stabilization Code § 2529.10, DHCR’s Commissioner was required to make any allocation determination in accordance with the new provision “[ujnless undue hardship or prejudice . . . result [ed] therefrom” (see also 9 NYCRR 2527.7). New York City Rent and Eviction Regulations § 2208.9 is to the same effect albeit without express reference to undue hardship or prejudice. Under New York City Rent and Eviction Regulations § 2202.4 (c) (4) (vi), which also went into effect during the pendency of the owner’s PAR, no MCI rent increase shall be granted unless the application therefor was filed no later than two years after the completion of the installation or improvement. Assuming petitioner, a rent-stabilized tenant, has standing to challenge the portion of DHCR’s order that relates to rent-controlled tenants, DHCR did not act arbitrarily by applying the allocation provision but not the time-bar provision. The finding that application of the allocation provision would not cause petitioner undue hardship, prejudice or deprive him of a vested interest is rationally supported by, inter alia, the circumstance that there was no prior existing enactment governing the subject but at best only a generally followed practice (see Matter of Versailles Realty Co. v New York State Div. of Hous. & Community Renewal, 76 NY2d 325, 330 [1990]). The finding that application of the time-bar provision would cause the owner undue hardship is rationally supported by the circumstance that there was no time bar for recovering MCI costs when the work was done and when the owner applied for the MCI increase. We have considered petitioner’s other arguments and find them unavailing. Concur—Gonzalez, J.E, McGuire, Moskowitz, DeGrasse and Freedman, JJ.